UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-14146-RGS

GREAT DIVIDE INSURANCE COMPANY

v.

LEXINGTON INSURANCE COMPANY

MEMORANDUM AND ORDER ON
CROSS-MOTIONS FOR SUMMARY JUDGMENT
FOLLOWING ANSWER TO CERTIFIED QUESTION
BY MASSACHUSETTS SUPREME JUDICIAL COURT

November 6, 2017

STEARNS, D.J.

This insurance coverage dispute presented a rare question of first impression under Massachusetts state law. At issue was the interplay between two insurance policies, one issued by defendant Lexington Insurance Company, which provided $10 million in excess insurance coverage to the insureds; the other by plaintiff Great Divide Insurance Company, which provided $1 million in primary coverage *or* excess coverage depending on the nature of the accident giving rise to the claim.[1] The question presented was not about liability but whose: whether to treat Great

---

[1] The parties agree that both policies provided excess coverage to the defendants in the underlying wrongful death action giving rise to this dispute. They disagree as to which policy goes first.

Divide's "hybrid" policy as an Excess Policy or as a Primary Policy and, if as an Excess Policy, what priority of coverage should be applied to the two policies with respect to any monetary award in the underlying state court wrongful death action. Of course, if the Great Divide policy were to be treated as a Primary Policy, Lexington's liability would not be triggered unless the damages exceeded the $1 million of coverage provided by Great Divide.

On cross-motions for summary judgment, the court heeded the admonition of the Court of Appeals in *Showtime Entm't, LLC v. Town of Mendon*, 769 F.3d 61, 79 (1st Cir. 2014), that where the path of prophecy is too dimly lit to make a wise prediction on a question of state law, a district court has the option of certifying a question to the state's highest court (as sanctioned by Massachusetts Supreme Judicial Court (SJC) Rule 1:03). S*ee Great Divide Ins. Co. v. Lexington Ins. Co.*, 15-cv-14146-RGS, 2016 WL 3945098 (D. Mass. July 19, 2016).[2] On November 1, 2017, the SJC answered

---

[2] As Rule 1:o3 requires, in its rescript the court set out: "(1) the question of law to be answered; and (2) a statement of all facts relevant to the questions certified and showing fully the nature of the controversy in which the questions arose." The court framed the question as follows:

> Where there is a motor vehicle accident and the primary commercial automobile liability insurance policy issued to the owner of the vehicle involved in the accident is exhausted, what is the priority of coverage between (1) a second primary commercial automobile liability insurance policy insuring the

the court's question as follows: "Where neither insurer is the primary insurer in the circumstances of this case, Great Divide and Lexington insure the same level of risk, notwithstanding the noted differences in the language of each insurance policy." *Great Divide Ins. Co. v. Lexington Ins. Co.*, SJC-12164, Slip Op. at 15 (Nov. 1, 2017). Consequently, the SJC ruled that "both parties cover the loss at issue, and neither [policy] has priority over the other." *Id.* at 14.

Given the ruling of the Commonwealth's highest court, the task remaining before this court requires no heavy lifting. Because both policies apply "to the extent of their respective policy limits," *id.* at 3, the only question is how a potential damages award or settlement should be apportioned between the two policies. The answer can be found in *Mission Ins. Co. v. U.S. Fire Ins. Co.*, 401 Mass. 492 (1988) – a case that the parties

---

driver of the vehicle, which contains an other insurance/non-owned vehicle clause providing (a) that, with respect to motor vehicles the insured owns, this insurance is primary, (b) that, with respect to motor vehicles the insured does not own, this policy is excess and (c) that "when this coverage form and any other coverage form or policy covers on the same basis, either excess or primary, we will pay only our share" and (2) a true excess liability insurance policy insuring the owner of the vehicle that contains an other insurance clause providing that "if other valid and collectible insurance applies to damages that are also covered by this policy, this policy will apply excess of the 'other insurance'"?

previously agreed was most closely on point to the dispute at hand. In *Mission*, where the two policies at issue were "silent on the matter of percentage of contribution with other insurers," the SJC counseled that, given "the absence of language controlling the issue, the better approach is to require the insurers to contribute equally until the policy with the lower limit is exhausted." *Id.* at 500.

Here, by contrast, there is no such silence. Great Divide's policy specifically provides that "[w]hen this coverage form and any other coverage form or policy covers on the same basis, either excess or primary, we will only pay our share" – with "our share" being further defined as "the proportion that the limit of Insurance of our coverage form bears to the total of the limits of all the coverage forms and policies covering on the same basis." Great Divide's Statement of Material Facts (SMF), Ex. C at 25 (Dkt #18-3). This is a textbook statement of pro rata coverage, as Lexington concedes. *See* Def.'s Mem. in Opp'n to SJ, Dkt #22, at 19 ("Great Divide's 'other insurance' clause expresses that it will share liability on a pro rata basis. . . ."). Therefore, because there is "language controlling the issue," *Mission*, 401 Mass. at 500, and because "[a]n insurance contract is to be interpreted 'according to the fair and reasonable meaning of the words in which the agreement of the parties is expressed,'" *Allmerica Fin. Corp. v. Certain Underwriters at*

*Lloyd's, London*, 449 Mass. 621, 628 (2007) (quoting *Cody v. Connecticut Gen. Life Ins. Co.*, 387 Mass. 142, 146 (1982)), the court rules that Great Divide's share of liability is to be determined on a pro rata basis.

Here the sum of both excess policies, Great Divide's $1 million plus Lexington's $10 million is $11 million. Great Divide will therefore be responsible, up to the limit of its $1 million policy, for 1/11th (or 9.09 per cent) of any settlement or damages award in the wrongful death action. Lexington, in turn, will pay 10/11ths (or 90.90 per cent).

### ORDER

For the foregoing reasons, Great Divide's Motion for Summary Judgment (Dkt # 16) is <u>ALLOWED</u>. Lexington's Motion for Summary Judgment (Dkt # 21) is <u>DENIED</u>. Lexington's Counterclaim (Dkt # 5) will be dismissed as moot. The Clerk will enter judgment accordingly and close the case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE